OPINION
Jodi Wolfinger appeals a judgment of the Court of Common Pleas, Probate Division, of Fairfield County, Ohio, changing the name of her minor child Cameron Wolfinger to Cameron Nichols. Cameron's father, James Nichols, is the appellee. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE COURT ERRED IN CHANGING THE SURNAME OF THE MINOR CHILD SINCE IT WAS NOT IN THE BEST INTEREST OF THE CHILD, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates appellant and appellee were married in 1992, producing two children, Shadow and Cameron. Appellant gave each child the surname of Wolfinger at the hospital at birth. It appears during the marriage, appellant herself used the surname Nichols, although Wolfinger was her birth name. Appellant does have a child from a previous relationship who carries the name Wolfinger. After the parties' divorce, appellee sought to change Shadow's and Cameron's last name to his own.
Appellant cites R.C. 3705.09, which states the mother shall designate the surname the child shall be registered with at birth. Appellant also cites us to Bobo v. Jewell (1988), 38 Ohio St.3d 330, which is the seminal case in Ohio for children whose parents have never been married. In Bobo, the Supreme Court held a court of common pleas shall determine the surname of a child using the best interest test. The factors the court shall consider are the length of time the child has used a surname; the effect of a name change on the father-child relationship as well as on the mother-child relationship; the identification of the child as part of a family unit; the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's; the child's preference if the child is of an age and maturity to express a meaningful preference; and any other fact relevant to child's best interest, Bobo, syllabus by the court.
Appellant points out appellee testified his relationship with the child would not change regardless of the surname. Appellant asserts under Ohio law, a married mother is given the right to designate the surname of her child.
The trial court cited Bobo, and the court's remarks on the case clearly demonstrate the court focused solely upon the best interest of Cameron and Shadow. Our standard of reviewing a decision on a name change is the abuse of discretion standard, seeIn The Matter of: Change of Name of Benjamin Brady Mott (March 14, 1994), Stark Appellate #CA9510, unreported. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g., Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 at 219.
Neither party moved the court for findings of fact and conclusions of law. However, we have reviewed the transcript of proceedings, wherein both appellant and appellee testified about their relationships with their children and various aspects of their family life. Our review of the record leads us to conclude the trial court did not abuse its discretion in determining the best interests of each child was served by changing their names to their father's surname.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Fairfield County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Probate Division, of Fairfield County, Ohio, is affirmed. Costs to appellant.